IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MAGGIE'S AUTO SALES AND SERVICES, LLC, *d/b/a* EVERYONE DRIVEZ AUTO SALES, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 2:23-cv-03773-DCN |
| vs. | ) ) | **ORDER** |
| STATE FARM FIRE AND CASUALTY CO., INC., | ) ) ) | |
| Defendant. | ) ) | |

The following matter is before the court on defendant State Farm Fire and Casualty Co., Inc.'s ("State Farm") motion to determine the sufficiency of answers, ECF No. 20.[1]  For the reasons set forth below, the court grants in part and denies in part State Farm's motion.

## I.  BACKGROUND

This dispute arises out of State Farm's refusal to cover plaintiff Maggie's Auto Sales and Service's ("Maggie's Auto" or "plaintiff") claim for property damage coverage on an insured 2013 Cadillac ATC (the "Covered Vehicle" or "Cadillac").  ECF No. 1-1, Compl.  Maggie's Auto sold and financed the purchase of the Cadillac to a customer (the "Named Insured" or "Borrower").  Id. ¶ 3.  The Borrower subsequently obtained an automobile insurance policy (the "Policy") from State Farm.  Id.  The Borrower is listed

---

[1] State Farm's motion is listed in the public filing index as a motion to compel discovery.  ECF No. 20.  However, in accordance with the parties' naming conventions in the captions of their filings and authorities cited, the court reviews State Farm's motion as a motion to determine the sufficiency of answers pursuant to Federal Rule of Civil Procedure 36(a)(6).

1

as the named insured on the Policy, and the Policy shows Maggie's Auto as a "creditor" on its declarations page—meaning, the Policy insured Maggie's Auto's interest in the Covered Vehicle at all relevant times.  Id. ¶¶ 4–6, 11.  The Policy includes liability, comprehensive, and collision coverage.  Id. ¶ 7–10.

In September 2022, the Cadillac was damaged.  Id. ¶ 12.  The damage allegedly resulted from both gunfire and another vehicle colliding with the Cadillac.  Id. ¶¶ 13–14. However, State Farm does not believe another vehicle collided with the Cadillac and instead posits that the damage resulted from the Cadillac hitting a fixed object. Id. ¶¶ 15–16.  After sustaining the damage, the Cadillac was towed to a body shop where it was declared "totaled" or a "total loss."  Id. ¶ 17.  No repairs were made.  Id.

On or around October 4, 2022, Maggie's Auto informed State Farm that it had repossessed the Cadillac "on paper" and asserted ownership.  Id. ¶ 18.  Subsequently, Maggie's Auto informed State Farm that it was making a claim under the Policy for all of the damage to the Cadillac.  Id. ¶ 19.  After receiving notice, State Farm informed Maggie's Auto that it would send an adjuster to the body shop to inspect the Cadillac.  Id. ¶ 20.  State Farm's inspection of the Cadillac took place on or before October 11, 2022. Id. ¶ 21.  After its inspection, State Farm notified Maggie's Auto that the Cadillac was a total loss and that State Farm was taking possession of the Cadillac.  Id. ¶ 22.  State Farm then towed the Cadillac to a business that auctions damaged and totaled vehicles.  Id. ¶ 23.  At that time, State Farm allegedly intended to honor Maggie's Auto's insurance claim, sell the Cadillac, and retain the proceeds.  Id. ¶ 24.

A series of errors and misdirection allegedly followed.  Id. ¶ 25.  Namely: (1) a State Farm adjuster erroneously issued a payment to the body shop for repair work that

had not been performed; (2) State Farm assigned more than one claim number to the Maggie's Auto claim; and (3) State Farm lost track of the Cadillac. Id. After months of miscommunication—during which State Farm assured Maggie's Auto it would be paid for its claim despite the errors—State Farm sent Maggie's Auto a letter dated February 9, 2023 denying the claim. Id. ¶¶ 26–30. The letter stated, in relevant part, "After a thorough investigation, we have determined there is no coverage for the loss and it is not a loss payable to the insured." Id. ¶ 30. State Farm later explained that it denied the claim because the damage to the front of the Cadillac was consistent with contact with a textured fixed object, rather than vehicle-to-vehicle contact. Id. ¶ 32. State Farm's letter made no mention of the damage caused by gunfire. Id. Maggie's Auto contends that the Policy covers the damage to the Cadillac and that State Farm should not have denied the claim. Id. ¶¶ 33–34.

On June 20, 2023, Maggie's Auto filed its complaint in the Charleston County Court of Common Pleas. ECF No. 1-1, Compl. The complaint alleges four causes of action: (1) breach of insurance contract, id. ¶¶ 38–47; (2) bad faith processing of insurance claim and refusal to pay benefits owed, id. ¶¶ 48–53; (3) conversion, id. ¶¶ 54–60; and (4) unjust enrichment, id. ¶¶ 61–64. On August 3, 2023, State Farm removed the action to federal court pursuant to diversity jurisdiction, 28 U.S.C. §§ 1332(a)(1), 1441.[2]

---

[2] State Farm claims that there is complete diversity of citizenship and further alleges that the amount in controversy exceeds $75,000. ECF No. 1 ¶ 2. State Farm notes that Maggie's Auto alleges it is a citizen of South Carolina, whereas State Farm is organized under Illinois law with its principal place of business in Illinois. Id. ¶¶ 6–8. State Farm also asserts that there is a reasonable probability that the amount in controversy will exceed $75,000 because Maggie's Auto seeks policy benefits, the market value of the Cadillac, the value of the use of the vehicle, unspecified consequential damages, attorney's fees, and punitive damages. Id. ¶¶ 4–5.

ECF No. 1.  On June 17, 2024, State Farm filed its motion to determine the sufficiency of answers.  ECF No. 20.  Maggie's Auto responded in opposition on July 1, 2024.  ECF No. 24.  The court heard oral argument on September 19, 2024.  ECF No. 34.  As such, the motion is fully briefed and now ripe for the court's review.

## II.  STANDARD

Federal Rule of Civil Procedure 36 governs requests for admission.  Rule 36(a) permits a party to serve requests for admission of the truth of any matter "within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).  Unless limited by court order, matters within Rule 26(b)(1) include: "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  If a party seeks admission of the genuineness of a document, the request must be "accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."  Fed. R. Civ. P. 36(a)(2).

The Federal Rules of Civil Procedure permit only five forms of responses to a request for admission: (1) an unqualified admission; (2) an unqualified denial; (3) a detailed explanation why the matter can be neither admitted nor denied after reasonable investigation of the information that is known or readily available; (4) a qualified admission which explains the need for and substance of the qualification; and (5) an objection to the request.  See Fed. R. Civ. P. 36(a)(3)–(5); Auto-Owners' Ins. Co. v. Gordon & Assocs., Inc., 2016 WL 11509964, at *3 (D.S.C. June 2, 2016) (quoting Michael v. Wes Banco Bank, Inc., 2006 WL 1705935, at *2–3 (N.D.W. Va. June 16,

2006).  Under Rule 36, "[t]he propounding party 'bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation.'"  City of Ann Arbor Emps' Ret. Sys. v. Sonoco Prods. Co., 2011 WL 13199217, at *2 (D.S.C. Feb. 17, 2011) (quoting Henry v. Champlain Enters., Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003)).

The party requesting admission may move for the court to "determine the sufficiency of an answer."  Fed. R. Civ. P. 36(a)(6).  When a court finds that "an answer does not comply with [Rule 36], the court may order either that the matter is admitted or that an amended answer be served."  Id.  "The analysis into whether the answers or objections are sufficient focuses on the specificity of the response and not on whether the response is [factually] correct."  Bolick v. Thompkins, 2022 WL 20016085, at *2 (D.S.C. Feb. 4, 2022) (quoting Auto-Owners' Ins., 2016 WL 11509964, at *3.  A court may deem a matter admitted if an answer is "evasive or fail[s] to respond to the substance of the question, and the evidence establishes that the request should have been admitted."  Auto-Owners' Ins., 2016 WL 11509964, at *3 (citing S. Ry. Co. v. Crosby, 201 F.2d 878, 880—81 (4th Cir. 1953)); House v. Giant of Md. LLC, 232 F.R.D. 257, 262 (E.D. Va. 2005) ("Gamesmanship in the form of non-responsive answers, vague promises of a future response, or quibbling objections can result in the request being deemed admitted.").

The court's review of a motion to determine the sufficiency of the answers is guided by the purpose of Rule 36 and requests for admission.  E.g., City of Ann Arbor, 2011 WL 13199217, at *2.  Rule 36 serves to "facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating

those that can be."  Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment.
Requests for admission are used "to narrow the array of issues before the court, and thus
expedite both the discovery process and the resolution of the litigation."  Adventis, Inc. v.
Consol. Prop. Holdings, Inc., 124 F. App'x 169, 172 (4th Cir. 2005); City of Ann Arbor,
2011 WL 13199217, at *2 ("Requests for admission are not substitutes for other
discovery devices" and are "designed to reduce trial effort and promote litigation
efficiency.").

## III.  DISCUSSION

State Farm filed its motion pursuant to Rule 36(a)(6), moving the court to
determine the sufficiency of Maggie's Auto's answers.  ECF No. 20.  State Farm argues
that Maggie's Auto's responses to requests for admission numbers 1, 2, 8, 9, and 10
violate Rule 36(a)(4) because Maggie's Auto did not include a description in each
response of the efforts it took to make a reasonable inquiry of all information that was
readily obtainable.  Id. at 1–2.  State Farm thus contends that Maggie's Auto improperly
asserted lack of knowledge or information as the reason for its inability to admit or deny
the requests.  Id.  Additionally, State Farm challenges Maggie's Auto's denial of request
for admission number 3.  Id. at 2–3.  Maggie's Auto responds that each answer is
sufficient.  ECF No. 21.  The court will first discuss the relevant Rule 36 standards
regarding answers to requests for admission and then analyze each of Maggie's Auto's
challenged responses in turn.

### A.  Fed. R. Civ. P. 36(a)(4) Answers to Requests for Admission

Rule 36(a)(4) provides:

If a matter is not admitted, the answer must specifically deny it or state in
detail why the answering party cannot truthfully admit or deny it. . . . The

6

> answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

The court's review of State Farm's motion to determine the sufficiency of Maggie's Auto's answers requires navigating a tension within the text of Rule 36(a)(4). The first sentence of Rule 36(a)(4) indicates that, when a responding party cannot admit or deny a request for admission, a sufficient answer is one which "state[s] in detail" what efforts have been made to respond.  See id.  However, the third sentence suggests that if a responding party cannot admit or deny due to "lack of knowledge or information," a sufficient answer requires no further detail so long as the responding party recites that "it made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Id.  Thus, the internally conflicting sufficiency requirements of Rule 36(a)(4) present an issue: whether a responding party must detail the "reasonable inquiry" that it made in its response to sufficiently answer that it "lacks information or knowledge" to admit or deny a request for admission.

This court has held that a responding party who answers that it cannot admit or deny a request for admission for reason that it lacks knowledge or information must make a reasonable inquiry and provide a detailed explanation of its efforts to investigate before its answer can be sufficient under Rule 36(a)(4).  City of Ann Arbor, 2011 WL 13199217, at *3 ("[T]he party must provide 'more than a mere elocution.'" (citation omitted)); see also Wellin v. Wellin, 2015 WL 5785709, at *7–8 (D.S.C. July 31, 2015), report and recommendation adopted as modified, 2015 WL 5781383 (D.S.C. Sept. 30, 2015); 8B Charles Alan Wright et al., Federal Practice and Procedure § 2261 (3d ed. 1998) ("A

general statement that [a party] can neither admit nor deny, unaccompanied by reasons, will be held to be an insufficient response. . . .").  The majority of courts within the Fourth Circuit have likewise held that compliance with Rule 36(a)(4) requires a responding party to detail its reasonable inquiry.  See Smith v. N.C. Dep't of Adult Corr., 2024 WL 3941838, at *5 (W.D.N.C. Aug. 26, 2024) ("A party must give reasons for a claimed inability to respond.  It is not enough to claim lack of knowledge.  A party must show the information is not reasonably within its power to obtain.") (quoting United States v. Taylor, 166 F.R.D. 356, 363 (M.D.N.C.), aff'd 166 F.R.D. 367 (M.D.N.C. 1996)); Watkins v. Lincare, Inc., 2023 WL 5490181, at *8 (S.D.W. Va. Aug. 24, 2023) (ordering responding party to "provide an explanation of the steps she took to discover the answers and state why the information is insufficient for her to provide a truthful admission or denial"); Stevens v. Federated Mut. Ins. Co., 2006 WL 2079503, at *7 (N.D.W. Va. July 25, 2006) ("Although plaintiff stated that 'the information known or readily obtainable to the plaintiff is insufficient to enable him to admit or deny,' plaintiff failed to describe his efforts to gain this information. Therefore . . . plaintiff's responses to these requests are inadequate."); Lynn v. Monarch Recovery Mgmt., Inc., 285 F.R.D. 350, 364 (D. Md. 2012) (holding response to request for admission insufficient where "not accompanied by a specific explanation as to why Defendant was unable to admit or deny.").  Utilizing the "magic words" of Rule 36(a)(4) does not discharge the duty of a responding party to comply with Rule 36 in good faith.  See Louis v. Martinez, 2011 WL 1832808, at *3 (N.D.W. Va. May 13, 2011).

Under Rule 36(a)(4), the court looks to whether a responding party's answer reflects that it has made a "reasonable" effort to secure information that is "readily

obtainable." <u>See</u> <u>Wellin</u>, 2015 WL 5785709, at *7.  What constitutes "reasonable

inquiry" and what material is "readily obtainable" depends upon the facts of each

case.  <u>CX Reinsurance Co. v. Homewood Realty Inc.</u>, 2018 WL 2118545, at *2 (D. Md.

Jan. 31, 2018) (quoting <u>T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.</u>, 174

F.R.D. 38, 43 (S.D.N.Y. 1997)).  "Generally, a 'reasonable inquiry' is limited to review

and inquiry of those persons and documents that are within the responding party's

control[,]" and includes investigation of the party's "officers, administrators, agents,

employees, servants, enlisted or other personnel, who conceivably, but in realistic terms,

may have information which may lead to or furnish the necessary and appropriate

response."  <u>T. Rowe Price</u>, 174 F.R.D. at 43.  Ordinarily, a "reasonable inquiry" does not

require an investigation of third parties, absent sworn deposition testimony of the third

party.  <u>Id.</u> at 43–44 (quoting <u>Diederich v. Dep't of Army</u>, 132 F.R.D. 614, 620 (S.D.N.Y.

1990)).  However, a responding party must inquire of a third party where "there is some

identity of interest manifested, such as by both being parties to the litigation, a present or

prior relationship of mutual concerns, or their active cooperation in the litigation, and

when there is no manifest or potential conflict between the party and the third party."

<u>Uniden Am. Corp. v. Ericsson Inc.</u>, 181 F.R.D. 302, 304 (M.D.N.C. 1998).

**B.  Sufficiency of Maggie's Auto's Responses**

Having reviewed the relevant Fed. R. Civ. P. 36 standards, the court now turns to

determine the sufficiency of Maggie's Auto's responses to State Farm's requests for

admission.

**1. Requests for Admission Numbers 1 and 2**

**Request No. 1:** Admit the genuineness and authenticity of the attached affidavit (Exhibit A) of due diligence signed February 5, 2024 by Diane Neville.

**RESPONSE:** Plaintiff can neither admit nor deny this Request for Admission. Plaintiff has made reasonable inquiry and the information known and readily obtainable is insufficient to enable Plaintiff to admit or deny this Request for Admission.

**Request No. 2:** Admit Diane M. Neville of Palmetto Legal Gophers exercised due diligence in January and February 2024 to locate DeQuincy Parker to serve a deposition subpoena upon Parker but was unable to locate Parker.

**RESPONSE:** Plaintiff can neither admit nor deny this Request for Admission. Plaintiff has made reasonable inquiry and the information known and readily obtainable is insufficient to enable Plaintiff to admit or deny this Request for Admission.

State Farm argues that Maggie's Auto's responses to requests for admission numbers 1 and 2 are insufficient because Maggie's Auto did not provide details explaining its investigation of a process server's affidavit of due diligence. ECF No. 20 at 1. In its brief and at oral argument, State Farm asserts that Maggie's Auto could have—and thus should have—contacted the process server as part of its investigation to properly admit or deny both requests. Id. at 2. Maggie's Auto responds that its answers are sufficient because it did not have an obligation to inquire with the process server. Id. at 1–2. Further, Maggie's Auto asserts that contacting the process server would not have produced adequate information to evaluate the genuineness and authenticity of the affidavit or to make substantive determinations regarding the process server's statements and actions. ECF No. 21 at 1–2. Maggie's Auto points that it was not provided with documentation to verify the relationship between State Farm and the process server, it

10

had no way of compelling the process server's cooperation, and that the affidavit it was provided is only a copy. Id. at 2.

The court finds that Maggie's Auto's responses to requests for admission numbers 1 and 2 are sufficient. Maggie's Auto's supplied an adequate supplemental explanation of its lack of information regarding the process server's affidavit and the efforts of its investigation in its brief and at oral argument. See id. Importantly, Maggie's Auto had no obligation to contact the process server to conduct a reasonable inquiry and render its response sufficient. The reasonable inquiry requirement of Rule 36(a)(4) does not mandate that Maggie's Auto investigate the statements of the process server before submitting its responses because the process server is not a person within Maggie's Auto's control. See T. Rowe Price, 174 F.R.D. at 43. Further, the process server is a third party to the litigation, and her statement is not in the form of a sworn deposition that would trigger a responding party's responsibility to investigate. See id. at 43–44. Finally, State Farm does not contend that the process server has an identity of interest to the litigation. See Uniden Am. Corp., 181 F.R.D. at 304. Accordingly, State Farm's motion is denied with respect to Maggie's Auto's responses to requests for admission numbers 1 and 2.

### 2. Request for Admission Number 3

**Request No. 3:** Admit the plaintiff has no knowledge of where DeQuincy Parker is.

**RESPONSE:** Denied as written. Contact information for DeQuincy Parker can be found in written discovery responses of Plaintiff, as well as documents produced by the parties during the discovery phase of this case.

State Farm argues that Maggie's Auto's denial of request for admission number 3 is insufficient because Maggie's Auto misinterpreted the request. ECF

11

No. 20 at 3. Its argument is a matter of semantic interpretation. State Farm attempts to clarify that it seeks admission that Maggie's Auto "has no knowledge of where DeQuincy Parker is at this time." Id. at 2–3. Maggie's Auto produced two addresses for Mr. Parker, the Named Insured, during discovery and states that he "may be at either location currently." ECF No. 21 at 3. Thus, Maggie's Auto argues that it sufficiently "denied the request as written." Id.

The court finds that Maggie's Auto's response to request for admission number 3 is sufficient. Maggie's Auto's denial is "forthright, specific and unconditional." Owners Ins. Co. v. Charleston Glass & Mirror, Inc., 2015 WL 13817635, at *1 (D.S.C. July 20, 2015) (quoting Alberts v. Wheeling Jesuit Univ., 2010 WL 3120057, at *2 (N.D.W. Va. Aug. 9, 2010)). Importantly, State Farm "may not seek a pre-trial determination of the accuracy of an opponent's denial of a request for admission." Id. (quoting United States v. Operation Rescue Nat'l, 111 F. Supp. 2d 948, 968 (S.D. Ohio 1999)). Here, State Farm had an obligation to draft its request for admission "simply, directly, not vaguely" and in a form that can be answered "without explanation" of the request. See City of Ann Arbor, 2011 WL 13199217, at *2. State Farm's framing of request for admission number 3 does not allow for "a response to be rendered upon a mere examination of the request," and thus State Farm has failed to meet its burden as the propounding party. See id. The court's finding that Maggie's Auto's response to request number 3 is sufficient is the same whether the request and response are analyzed as written or construed with the explanation and implications that State Farm moves the court to consider. Accordingly, State Farm's motion is denied with respect to Maggie's Auto's response to request for admission number 3.

### 3.  Request for Admission Number 8

**Request No. 8:** Admit the plaintiff has produced in discovery all recordings made by the plaintiff of conversations with or voicemails to employees of State Farm.

**RESPONSE:** Plaintiff can neither admit nor deny this Request for Admission as written. Plaintiff has made reasonable inquiry and the information known and readily obtainable is insufficient to enable Plaintiff to admit or deny this Request for Admission.

During discovery, Maggie's Auto produced recordings of phone conversations conducted with representatives of State Farm.  ECF No. 20 at 2.  State Farm argues that Maggie's Auto's response regarding its discovery production is insufficient and that Maggie's Auto should be required to admit or deny that it has investigated and produced its own recordings.  Id.  In response, Maggie's Auto argues that the request is unlimited in both time and scope.  ECF No. 21 at 4.  Maggie's Auto points that it maintains a recorded business phone line which it frequently uses to communicate with multiple insurers.  Id.  Further, Maggie's Auto states that it cannot admit or deny the request as written because it may have "unknowingly communicated with State Farm employees" as an insurance customer of State Farm itself.  Id.

The court finds that Maggie's Auto's response to request for admission number 8 is sufficient.  At the outset, the court notes that Maggie's Auto's obligation to conduct a reasonable inquiry of the documents and materials that are within its control includes an investigation of its phone recordings.  See T. Rowe Price, 174 F.R.D. at 42.  However, request for admission number 3 is overly broad on its face—it has no temporal limit and reaches to Maggie's Auto's communications with State Farm that are not relevant to the litigation.  See Wellin, 2015 WL 5785709, at *13.  Maggie's Auto sufficiently explained in its brief and at oral argument that it did undertake an investigation of its phone

13

recordings and produced—to its knowledge—all phone recordings with State Farm that are relevant to the Cadillac from the date the Cadillac was sold to the Named Insured through the initiation of this litigation. See ECF No. 21 at 2–3. Accordingly, State Farm's motion is denied with respect to Maggie's Auto's response to request for admission number 3.

### 4. Requests for Admission Numbers 9 and 10

**Request No. 9:** Admit the genuineness and authenticity of the attached Title History (Exhibit B) on the motor vehicle which is the subject of this lawsuit.

**RESPONSE:** Plaintiff can neither admit nor deny this Request for Admission. Plaintiff has made reasonable inquiry and the information known and readily obtainable is insufficient to enable Plaintiff to admit or deny this Request for Admission.

**Request No. 10:** Admit that according to the title history of the South Carolina Department of Vehicles on the motor vehicle which is the subject of this lawsuit the plaintiff was never the owner of that motor vehicle.

**RESPONSE:** Plaintiff can neither admit nor deny this Request for Admission. Plaintiff has made reasonable inquiry and the information known and readily obtainable is insufficient to enable Plaintiff to admit or deny this Request for Admission.

Request for admission number 9 seeks an admission of authenticity of a South Carolina Department of Motor Vehicles ("SCDMV") title history document and request for admission number 10 concerns the contents of that document. ECF Nos. 20 at 2; 20-2 at 6. State Farm argues that Maggie's Auto's response is insufficient because Maggie's Auto could properly admit or deny both requests "based on an inquiry to the DMV." ECF No. 20 at 2. In response, Maggie's Auto argues that the document attached to requests does not bear any seal, is a copy of an original SCDMV document, and that State Farm provided no information verifying the source of the document. ECF No. 21 at 4. Maggie's Auto asserts that it had no obligation to inquire with the SCDMV and that the

information needed to authenticate the document is not readily obtainable because acquiring an authentic SCDMV title history document requires payment. Id. at 4–5.

        The court finds that Maggie's Auto's responses to requests for admission numbers 9 and 10 are insufficient. Maggie's Auto failed to investigate the title history document, and thus improperly responded that it could neither admit nor deny the requests. See City of Ann Arbor, 2011 WL 13199217, at *3. Maggie's Auto is in the business of selling and financing vehicles. Compl. ¶ 1. The title history of the Cadillac and the implications of how the chain of title affects claim coverage are central to this case. Id. ¶¶ 18, 22, 35. Thus, Maggie's Auto's investigation of its records of the Cadillac—which are readily obtainable because they are under its control—was very likely to provide Maggie's Auto with adequate information regarding the title history of the Cadillac such that it could properly admit or deny requests for admission numbers 9 and 10. See T. Rowe. Price 174 F.R.D. at 42. The facts of this case and the nature of Maggie's Auto's business obviate Maggie's Auto's responsibility to investigate the SCDMV title history document for the Cadillac. Auto-Owners' Ins., 2016 WL 11509964, at *3. Good faith compliance with Rule 36(a)(4) requires Maggie's Auto to investigate before responding to requests for admission and detail its efforts. Accordingly, the court grants State Farm's motion with respect to Maggie's Auto's responses to requests for admission numbers 9 and 10.

## IV. CONCLUSION

        For the foregoing reasons the court **GRANTS IN PART** and **DENIES IN PART** State Farm's motion to determine the sufficient of Maggie's Auto's answers. Specifically, the court **GRANTS** State Farm's motion with respect to Maggie's Auto's responses to requests for admission numbers 9 and 10. Accordingly, the court orders

Maggie's Auto to amend its insufficient answers within fifteen (15) days of this order. Should Maggie's Auto, in good faith need to respond that it lacks sufficient information to respond, it must provide details regarding the extent to which it attempted to determine the accuracy of the requested admission in addition to its assertion that it made reasonable inquiry. The court **DENIES** State Farm's motion with respect to Maggie's Auto's responses to requests for admission numbers 1, 2, 3, and 8.

      **AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 29, 2025**
**Charleston, South Carolina**

16