# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Maggie's Auto Sales and Service, LLC d/b/a Everyone Drivez Auto Sales,<br><br>            Plaintiff,<br>   v.<br><br>State Farm Fire and Casualty Company,<br><br>            Defendant. | Case No. 2:23-cv-3773-RMG<br><br>**ORDER AND OPINION** |

      Before the Court is Defendant's motion for summary judgment. (Dkt. No. 29). Plaintiff opposed the motion (Dkt. No. 30), and Defendant filed a replied (Dkt. No. 32). For the reasons set forth below, the Court grants Defendant's motion for summary judgment.

**I.    Background**

      This matter arises out of a denial of coverage by Defendant to its named insured, DeQuincy Parker (Parker), for alleged noncompliance and non-cooperation. Plaintiff is a used car dealer which sold the insured vehicle, a 2013 Cadillac ATS, to Parker. Parker obtained insurance coverage on the vehicle from Defendant and was listed, along with Rhoda Parker, as the named insured. (Dkt. No. 29-2 at 5). Plaintiff was not listed as a named insured but was included on the declaration page of the policy as a creditor. (*Id.*). Defendant's policy provided that "[i]f a creditor is shown on the Declaration Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in your car. Coverage for the creditor's interest is only provided for a loss that is payable to you." (*Id.* at 19). The insured under the policy had the duty to cooperate with Defendant in "securing and giving evidence" and had the duty to "submit to an examination under oath" regarding any claim at the discretion of the Defendant. (*Id.* at 20).

Parker filed two claims with Defendant in September 2022, two months after the policy went into effect. Parker asserted in his first claim, filed on September 23, 2022, that his vehicle was hit by another vehicle, which then fled the scene. He filed a second claim on September 27, 2022, stating that his vehicle was struck by gun fire a day on September 24, 2022 the day after it had been left on the side of the road where the alleged hit and run accident had occurred. (Dkt. No. 29-3 at 3).

Defendant took a recorded statement from Parker and subsequently advised him that it was questionable whether the loss he claimed was caused by a hit and run driver. (*Id*. at 4). Defendant had an accident reconstruction expert examine the Parker vehicle. After completing an examination of Parker's vehicle, the accident reconstruction expert informed Defendant that the damage to Parker's vehicle was not consistent with the alleged hit and run accident described by Parker. (*Id*. at 5, 8-11). Defendant then gave notice to Parker that it was exercising its right to take a sworn statement from him and informed him that it was considering whether he had made material misrepresentations of the facts surrounding his claim of a hit and run accident. (*Id*. at 5, 35-36). Defendant retained counsel and scheduled a time to take a sworn statement from Parker regarding issues surrounding his claim. Parker was given written notice of the date, time and location of the sworn statement. (*Id*. at 35-36). Parker failed to appear. Defendant gave a second written notice of a sworn statement and again Parker did not appear. (*Id*. at 6, 37-38).

Parker and his creditor, Plaintiff Maggie's Auto, were advised that Defendant would not cover Parker's claims because they were not payable under the insured's policy. Defendant noted Parker's failure to cooperate in the investigation, including his failure to appear at two scheduled sworn statements. (*Id*. at 37-38, 39-40.). This lawsuit followed.

## II. Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving part must demonstrate specific, material facts exist that give rise to a genuine issue to survive the motion for summary judgment. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III. Discussion

This action was brought by Plaintiff, a used car dealer listed as a "creditor" on Parker's automobile insurance policy with Defendant. Plaintiff has brought actions for breach of contract,

bad faith, conversion, unjust enrichment, punitive damages, and attorney's fees. The Court addresses each claim below.

### A. Defendant is entitled to summary judgment on Plaintiff's Breach of Contract Claim.

Plaintiff asserts that it is a third-party beneficiary of Parker's automobile insurance policy with Defendant and can thus assert claims for coverage regardless of the conduct of the insured, Parker, under the policy. This argument is inconsistent with the plain language of Defendant's insurance policy. Plaintiff, as a creditor under Defendant's policy with Parker, has only those rights possessed by the insured. ("Coverage for the creditor's interest is only provided for a loss that is payable to [the insured]."). (Dkt. No. 29-2 at 19). This language is known as a "loss payable clause" and "places the lienholder in the shoes of the insured." *State Farm Fire and Casualty Company v. Hancle*, 2016 WL 39040808 at *3 n. 3 (E.D. Pa. 2016). *See also Tinker Federal Credit Union v. State Farm Mutual Automobile Insurance Company*, 2013 WL 12092539 (W.D. Okl. 2013) (the policy "unambiguously provides that the creditor can recover . . . only if the insured can recover thereunder.").

Defendant provided uncontested evidence of a reasonable investigation into the circumstances surrounding Parker's claims, which raised legitimate questions regarding the validity of those claims. Defendant had the right under its policy to question Parker under oath about his claims and he failed twice to appear for his sworn statement, providing an ample legal basis to deny Parker's claim for failure to cooperate. Plaintiff, which was listed only as a creditor on the policy, had the right under the policy to claim against any proceeds due the insured but had no independent right to be paid under Defendant's policy when the named insured was not entitled to have his alleged loss paid. Plaintiff, as a creditor, stood in the shoes of Parker, the insured, and only possessed the right to be paid if Parker was due payment under the policy. Consequently,

Plaintiff has no right to assert a claim of breach against Defendant under these circumstances. Defendant is entitled to summary judgment on Plaintiff's breach of contract claim.

### B. Defendant is entitled to summary judgment on Plaintiff's bad faith claim:

For a plaintiff to establish a bad faith claim against an insurance company requires a showing that (1) the existence of a binding contract of insurance between the plaintiff and the insurance company; (2) a refusal by the carrier to provide benefits due under the contract; (3) the insurer's bad faith or unreasonable conduct and breach of the implied covenant of good faith and fair deal arising out of the contract of insurance; and (4) resulting damage to the insured. *Peterson v. West American Insurance Company*, 518 S.E.2d 608, 614-15 (S.C. App. 1999). Plaintiff plainly cannot satisfy the elements to establish a bad faith claim under South Carolina law. First, Plaintiff is not an insured under the policy between Parker and Defendant and, consequently, cannot bring a bad faith claim against the carrier. Second, there is no basis for a bad faith claim if the carrier acted reasonably to deny benefits. *Helena Chemical Co. v. Allianz Underwriters Ins. Co.*, 594 S.E.2d 455, 461-62 (S.C. 2004). Parker's refusal to cooperate in the investigation of the claim by failing on two occasions to appear to provide a sworn statement constitutes a reasonable basis under the policy to deny benefits. Further, Defendant's notice under the policy for Parker to provide a statement under oath was prompted by suspicious circumstances surrounding the claim and a report of an accident reconstruction expert that concluded that the damage to Parker's vehicle was not consistent with a hit and run incident. In sum, Defendant is entitled to summary judgment on Plaintiff's bad faith claim.

### C. Defendant is entitled to summary judgment on Plaintiff's claim of conversion:

Conversion is the "unauthorized assumption and exercise of the right of ownership over

goods or personal chattel belonging to another." *Jones v. Equicredit Corp. of South Carolina*, 556 S.E.2d 713 (S.C. App. 2001). The uncontested facts in the record before the Court do not remotely establish a claim of conversion against the Defendant. According to the deposition of Maggie Brooks (Brooks), the owner of Plaintiff, the Parker vehicle was towed to a car lot after the accident. Plaintiff thereafter repossessed the Parker vehicle for nonpayment. Brooks then took a tow truck to the car lot where the Parker vehicle was being stored to retrieve it. She described the vehicle in her deposition to be an "eyesore" and in disrepair. (Dkt. No. 29-1 at 13). After Brooks was informed that State Farm was going to retrieve the vehicle for inspection, she decided to have State Farm move the vehicle and pay any storage fee that might be due. (*Id*.). State Farm did move the vehicle to another location to conduct the inspection. After the accident reconstruction expert completed his inspection of the Parker vehicle, Plaintiff's counsel was advised where the Parker vehicle was located. In her deposition, Brooks was asked: "So you could have physically gotten the car, but you didn't want to because there was no point to it, right?" She responded: "Exactly." (Dkt. No. 14).

Plaintiff has failed to state a cause of action for conversion under these facts. Plaintiff had the right to retrieve the vehicle and elected not to do so. Brooks' claim appears to be based on an alleged custom that required the carrier to deliver the vehicle to her as a creditor who had repossessed a totaled vehicle. There is no such right of the creditor under the Defendant's policy, and these facts do not state a claim for conversion. Defendant is entitled to summary judgment on Plaintiff's conversion claim.

**D. Defendant is entitled to summary judgment on Plaintiff's unjust enrichment claim:**

Unjust enrichment is "an equitable doctrine . . .which permits the recovery of that amount

the defendant has been unjustly enriched at the expense of the plaintiff." *Barnett v. Miller*, 321 S.E.2d 198, 199 (S.C. App. 1984). As set forth in the discussion on conversion above, Defendant did not unjustly enrich itself at the expense of Plaintiff. After Defendant's insured submitted two claims for damage to his vehicle, the carrier exercised its right to conduct an investigation of the claims, including having a reconstruction expert examine the vehicle. When this process was completed, Defendant informed Plaintiff, which had repossessed the vehicle, where the Parker vehicle could be retrieved. Brooks admitted she could have "physically gotten the car but . . . didn't want to because there was no point to it . . ." (Dkt. No. 29-1 at 14). Defendant is entitled to summary judgment on Plaintiff's unjust enrichment claim.

### E. Plaintiff has no right to punitive damages or attorney's fees:

Since Plaintiff has failed to state a cause of action on any of its claims, it has no entitlement to punitive damages. Further, a party is entitled to an award of attorney fees only if authorized by contract or statute. *Duke Power Co. v. S.C. Public Service Comm.*, 326 S.E.2d 395, 406 (S.C. 1985). Plaintiff has identified no basis under these facts for an award of attorney's fees. Consequently, Defendant is entitled to summary judgment on Plaintiff's punitive damages and attorney fees claims.

## IV. Conclusion

Based on the foregoing, the Court grants Defendant's motion for summary judgment (Dkt. No. 29) and dismisses this action with prejudice.

**AND IT IS SO ORDERED.**

                                        s/Richard Mark Gergel
                                        Richard Mark Gergel
                                        United States District Judge

May 6, 2025
Charleston, South Carolina